To a justice of the peace, for his return, one dollar.

If the judgment appealed from be reversed in part, and affirmed as to the residue, the amount of costs allowed to either party must be such sum as the appellate court may award, not exceeding ten dollars.

If the appeal be dismissed for want of prosecution, no costs can be allowed to either party. (Code, sec. 371.) Waterman's Treatise, p. 228, *et seq.*

<div style="margin-left:auto;">UTICA,<br>August, 1827.<br><br>The People<br>v.<br>Breese.</div>

---

## *The People *against* Breese and others.                    [*429]

On certiorari from the general sessions of Herkimer county.

The defendants were convicted of a riot in June last, at the Herkimer sessions.

The indictment was, in the margin, "Herkimer county, ss." and the first count stated, "that, at a court of general sessions, &c., holden in and for the county of Herkimer, &c., before, &c., J. C., (and others) good and lawful men of the county aforesaid, &c., do, upon their oaths present, that N. J., (and others, the defendants,) late of Utica, in the county of Oneida, did, heretofore, to wit, on, &c., at the town of Frankfort, in said county, with force and arms, &c." commit the riot complained of. The other counts were framed substantially in the same way.

*S. Beardsley*, for the defendants, now insisted that the offence must be taken as laid in Oneida county; and the court below, therefore, had no jurisdiction. He said, mentioning a county in the margin of the caption, or the body of it, as to the place of the court, and whence the grand jury came, was no part of the indictment; and could not be considered as constituting a venue. (1 Chit. Cr. Law, 235, 236, 267, 326, 327.) The venue is matter of substance. (Id. 146.) When one county is laid in the margin, and another in the body of the indictment, it is perfectly settled, that a place

<div style="margin-left:auto;max-width:30%;">The courts take judicial notice of the civil divisions of the state into towns, &c., by statute. Therefore, where an indictment described the defendants as late of U., in the county of Oneida; and then laid the offence at F. in said county; F. being, in truth, in the county of H.; *held*, that this was equivalent to laying the offence in the latter county; F. being a town created by public statute.</div>

UTICA,
August, 1827.
The People
v.
Breese.

[*430]

afterwards mentioned, is referable to the county last named; not to the county in the margin. (1 Chit. Cr. Law, 194. 3 P. Wms. 496. Cro. Eliz. 101, 137, 606, 751. 2 Hawk. ch. 25, s. 34. 2 Hale, 166, 180. 2 Ld. Raym. 888, 1304. Cro. Eliz. 184. 1 Saund. 308, note.(1) 1 Chit. Pl. 279. 2 East, 66.)

*G. H. Feeter*, (district attorney,) contra. The words, "late of Utica," &c., are merely descriptive of the defendants' residence; no part of the charge; and may be *rejected as surplusage. (1 Chit. Cr. L. 294.) But if otherwise, here Frankfort is capable of two meanings or references; and the court will take that which shall support the indictment. (1 Chit. Cr. Law, 238, 239, note.(*h*) 5 East, 257.) This court will read and understand the indictment as they believe the court below did. (Cowp. 229.) No fact is alleged to have happened in Oneida county. The words "*Frankfort in said county*," necessarily refer to the county of Herkimer. Frankfort is a town in the latter county, created by public statute, and the court will take judicial notice where it lies. This was lately held by this court in *The People* v. *Dewey*, (M. S.) where they took notice that Hounsfield is in Jefferson county.

*Beardsley*, in reply, said the court might possibly notice that Frankfort lies in Herkimer, if the allegation as to the town were at all material in giving jurisdiction; but it is not. Nothing of place is material except the county.(*a*)

(*a*) This remark of the learned counsel seems to be strictly correct, when applied to the proof; but not so as to the indictment, considered as separate and independant of the evidence.. For instance, a parish must be stated; and it is not sufficient that the offence be charged as having been committed in the proper county. (*Rex* v. *Mathews*, 5 T. R. 162.) If the subdivision of the county be omitted, the judgment will be arrested; and yet the offence need not be proved to have happened within the subdivision. (*id.*) In respect to the form of the indictment, courts still seem to adhere to the ancient notion, (now a mere fiction,) that the jury should come from the immediate neighborhood. This being granted, the court, when looking to the face of the indictment, must regard the town as material; and in this state, the town, being a subject of judicial notice, the conclusion to which the court came to in the principal case, follows.

*Curia.* We think, on the last ground taken by the district attorney, this indictment is sustainable. We do notice the civil divisions of the state, created by statute. It was so held in the M..S. case cited. Saying the offence was committed in Frankfort, a town which we know is in Herkimer, was, therefore, equivalent to an express allegation that it was committed in Herkimer.

It being understood by the counsel, that, if this court held the indictment good, the record should be remitted, to the end that the sessions might give judgment, no sentence was here given; but the decision was received as advisory to the court below.